IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANDY LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-cv-6691 |
| | ) |
| MID AMERICA MORTGAGE INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Neither plaintiff's pro se complaint nor her amended complaint asserts a basis for this court's jurisdiction. In their Rule 26(f) report, the parties represented to the court that diversity jurisdiction exists over this matter because there is a diversity of citizenship between the parties. They failed, however, to address whether 28 U.S.C. § 1332(a)'s amount in controversy requirement is satisfied. This court has "an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case, even where, as here, [] the parties ... [have not] questioned the existence of such jurisdiction." *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Although the sum demanded by a plaintiff in her complaint usually controls for jurisdictional purposes, *see Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (citing *St. Paul Mercury*

*Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)), "it does not follow that the court must accept the plaintiff's perspective and proceed to adjudicate on the merits every case in which the [parties] can keep straight faces when making their presentations." *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 318 (7th Cir. 1996) (quoting *Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc.*, 60 F.3d 350, 352 (7th Cir. 1995)). There must be a legal and factual basis for the plaintiff's demand. *See LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008); *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 896 (7th Cir. 2003). Here, in addition to a $6,105.34 reimbursement, plaintiff seeks $5,000,000 for defendant's "extreme, outrageous, and uncivilized" acts and $2,000,000 that she characterizes as punitive damages. These fanciful sums are not legally attainable and thus cannot be relied upon for determining whether jurisdiction exists. *See Smith*, 337 F.3d at 893-97; *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979-80 (7th Cir. 2000); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998). This does not necessarily mean that it is impossible for plaintiff to recover damages above the jurisdictional amount of $75,000. But without realistic figures before me, I cannot confirm that this jurisdictional requirement is satisfied. Accordingly, the parties are directed to meet and confer and to file, on or before April 19, 2019, either a joint report or separate memoranda

stating whether 28 U.S.C. § 1332(a)'s amount in controversy requirement is met, and if so, what the alleged factual and legal basis for this amount is.

**ENTER ORDER:**

_____
Elaine E. Bucklo
United States District Judge

Dated: April 4, 2019