IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANDY LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-6691 |
| | ) | |
| MID AMERICA MORTGAGE INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

In this action, pro se plaintiff Mandy Lewis sues her former mortgage loan servicer, defendant Mid-America Mortgage, Inc., for allegedly overcharging her on her monthly mortgage payments and for allegedly misreporting her payment status to credit reporting agencies in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and Illinois common law. Before me is defendant's motion to dismiss for failure to state a claim.

As I explained in my April 4, 2019, order, before reaching the merits of defendant's motion to dismiss, I must determine the basis for this court's subject matter jurisdiction. *See Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Although plaintiff's amended complaint doesn't contain any jurisdictional allegations, the fact that it seeks relief under a federal statute suggests that there is federal question jurisdiction under 28 U.S.C. § 1331. *See Arbaugh v. Y&H Corp.*, 546

U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Yet, in their Rule 26(f) report, the parties did not mention federal question jurisdiction. Instead, they jointly claimed that the matter was before the court on diversity jurisdiction grounds. This distinction is important because the existence of diversity jurisdiction would mean that I have original, not just supplemental, jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. §§ 1332, 1367; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). Because the parties did not address the amount-in-controversy requirement for diversity jurisdiction in their Rule 26(f) filing, *see* 28 U.S.C. §§ 1332(a), I directed them to meet and confer and to file either joint or separate statements concerning subject matter jurisdiction. On April 17, 2019, plaintiff filed her jurisdictional statement, which clarifies that she is only invoking federal question jurisdiction and thus resolves the diversity jurisdiction question. *See NLFC*, 45 F.3d at 237 ("The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992))).

When considering a motion to dismiss for failure to state a claim, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th

2

Cir. 2010). Plaintiff's sole federal claim is brought under the Fair Credit Reporting Act. In Count V of her amended complaint, plaintiff charges defendant with violating the FCRA by falsely informing credit reporting agencies that she was late on making mortgage payments. Although plaintiff does not invoke a specific provision of the FCRA, I gather from her allegations that she believes defendant violated 15 U.S.C. § 1681s-2(a), which prohibits a party from furnishing information to a credit reporting agency that it knows or has reasonable cause to believe is inaccurate. Unfortunately for plaintiff, this section of the statute does not give rise to a private right of action. *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011); 15 U.S.C. § 1681s-2(c)(1). The only FCRA provision concerning the furnishing of information to credit reporting agencies that gives rise to a private right of action is 15 U.S.C. § 1681s-2(b). But to state a claim under that section, a plaintiff must allege that the furnisher had notice from a credit reporting agency that the information it provided was disputed. *See Asufrin v. Roundpoint Mortg. Servicing Corp.*, No. 15 C 9077, 2016 WL 1056669, at *3 (N.D. Ill. Mar. 17, 2016). Plaintiff has not made any such allegations here. She therefore has not stated a claim upon which relief may be granted under the FCRA.

The remainder of plaintiff's claims, which include counts for negligence, fraud, libel and slander, and intentional infliction

3

of emotional distress, arise under Illinois law. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over state law claims that are "so related" to federal law claims "that they form part of the same case or controversy." However, a district court may decline to exercise supplemental jurisdiction over related state law claims where, as here, "the district court has dismissed all claims over which the court has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009); *NLFC*, 45 F.3d at 237. Because I find that plaintiff has failed to state a claim under the FCRA, I "will relinquish federal jurisdiction over [her] supplemental state-law claims" so that she can prosecute them in state court. *Al's Serv. Ctr. v. BP Prod. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010); *see also Hagan v. Quinn,* 867 F.3d 816, 830 (7th Cir. 2017) ("The usual practice in this circuit is for district courts to 'dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.'" (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999))).

For the foregoing reasons, defendant's motion to dismiss under Rule 12(b)(6) is granted in part. Count V of plaintiff's first amended complaint is dismissed with prejudice. The remaining counts are dismissed without prejudice to plaintiff refiling her claims in state court.

4

5

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated: April 25, 2019